UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIXIN WANG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FCA US LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-02820-RS<br><br>**ORDER GRANTING MOTION TO REMAND** |

I. INTRODUCTION

Plaintiffs Yixin Wang and Joseph McCarthy purchased a new, or nearly new, 2018 Chrysler Pacifica, manufactured by defendant FCA US, LLC, and sold by defendant Fremont Chrysler Dodge Jeep Ram ("Fremont") for a contract price of $24,070.98. They allege the vehicle thereafter suffered numerous defects and recalls, requiring multiple trips to Fremont's repair shop. Plaintiffs contend the repairs were not successful, and that the vehicle continues to have a "stalling defect" that presents a safety risk. Plaintiffs allege defendant FCA was aware of the stalling defect in similarly equipped 2018 Chrysler Pacificas, but concealed the problem and continued selling the vehicles.

Plaintiffs filed this suit in Alameda County Superior Court, advancing claims under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. and under state law. Defendants removed, asserting the Magnuson-Moss claim gives rise to federal question jurisdiction. As defendants acknowledge, however, Magnuson-Moss has an unusual provision that only allows it

to be enforced in federal court if the amount in controversy is at least $50,000. 15 U.S.C. § 2310(d)(3)(B).

Plaintiffs now move to remand, contending defendants have not met their burden to establish the requisite amount is in controversy. The motion will be granted.

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Moreover, the party seeking to establish federal jurisdiction must meet this burden "by a preponderance of the evidence." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (emphasis omitted)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, at 566.

## III. DISCUSSION

The complaint alleges plaintiffs "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." Complaint, para. 14. Presumably this allegation was intended to establish the matter as an "unlimited civil case" under the rules of the state court. While the allegation is consistent with an amount in controversy of at least $50,000, standing

2

alone it does not establish jurisdiction exists here. Defendants therefore rely on the following assumptions:

1. Plaintiffs' "actual damages" are the $24,070.98 price they paid for the vehicle, given that they seek restitution.

2. Because plaintiffs seek civil penalties in an amount twice their actual damages, that amount should be calculated as an additional $48,141.96.

3. Plaintiffs seek punitive damages, which potentially could be nine times the purchase price.

Thus, in defendants' view, the amount in controversy easily exceeds the jurisdictional minimum because the "actual damages" plus civil penalties alone total over $72,000. Punitives push the amount to nearly $290,000, not even counting plaintiffs' claim for attorney fees, costs, and possible other damages mentioned in the prayer of the complaint.

The flaw in defendants' analysis is that they have not established with any degree of certainty the amount of actual damages in controversy. Relying merely on the purchase price of the vehicle is insufficient, given that even if restitution were granted, a mileage offset would be necessary. *See* Cal. Civ. Code § 1793.2(d)(2)(C). Defendants are effectively treating the complaint's allegation of damages in excess of $25,001 as if that were the actual damages, which could then be doubled to arrive at statutory penalties, and multiplied by nine to estimate punitive damages.

Such a reading of similar damages allegations has routinely been rejected. *See*, *e.g.*, *Feichtmann v. FCA US LLC*, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020)("Moreover, in the Motion For Remand, Plaintiff clarifies that the 'damages' allegation in the Complaint refers collectively to actual damages and civil penalties."); *Steeg v. Ford Motor Company*, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020) (same); *Vallejo v. General Motors*, LLC, 2020 WL 1164949, at *3 (C.D. Cal. Mar. 11, 2020) ("the Court construes paragraph 12 of Plaintiffs' Complaint to encompass all of their requested recovery, not just the actual damages that they seek. Accordingly, that allegation does not demonstrate that more than $75,000 is in controversy, even

1  when coupled with Plaintiffs' request for a civil penalty").

2  Furthermore, even if defendants had established the amount of actual damages in controversy with more certainty, their assumption that double that amount in civil penalties should automatically be included is not tenable. *See Makol v. Jaguar Land Rover North America, LLC*, 2018 WL 3194424, at *3 (N.D. Cal., June 28, 2018) ("[T]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed . . . . [I]nstead of simply assuming a penalty will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." (citations omitted)). Defendants' unsupported assumptions regarding punitive damages are similarly flawed.

Contrary to plaintiffs' suggestion, defendants are not to be faulted for not making a more robust showing in their notice of removal that the jurisdictional minimum was satisfied. When first filing a notice of removal, a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, (2014) (citing 18 U.S.C. § 1446(a)). That said, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) . . . when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. Because defendants did not meet that burden here, the motion to remand must be granted.

## IV.  CONCLUSION

This action is hereby remanded to Alameda Superior Court.

**IT IS SO ORDERED**.

Dated: February 15, 2022

_____
RICHARD SEEBORG
Chief United States District Judge